**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Mario Portilla, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

Griffin's Landscaping Corp.,

Defendants.

**CLASS ACTION COMPLAINT**

Plaintiff Mario Portilla by and through his undersigned attorney brings this complaint against Defendant Griffin's Landscaping Corp. and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Mario Portilla ("Plaintiff"), individually and on behalf of all others similarly situated, brings this hybrid collective and class action against Griffin's Landscaping Corp. ("Defendant") to redress widespread wage-and-hour violations. Plaintiff seeks unpaid overtime wages, spread-of-hours pay, statutory and liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), together with claims arising under New York's prevailing wage requirements and related contract law for work performed on public works/prevailing wage projects.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the NYLL and contract claims under 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving

rise to the claims occurred here, and Defendant resides and conducts business in this District including work performed at public works sites in Manhattan and throughout New York City..

## THE PARTIES

3. Plaintiff Mario Portilla is an adult individual residing in the State of New York. He worked for Defendant from approximately June 2020 until November 2024 as a non-exempt truck driver and laborer.

4. Upon information and belief, Defendant Griffin's Landscaping Corp. is a domestic corporation or limited liability company, organized and existing under the laws of the State of New York, with its principal place of business located at 1234 Lincoln Terrace, Peekskill, New York, 10566.

5. At all relevant times, Defendant employed Plaintiff and had the power to control the terms and conditions of his employment, including his work schedule and rate of pay.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA, 29 U.S.C. § 203(s)(1), with an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

7. Defendant is a business providing landscaping services in and around Westchester County and New York City.

8. Defendant employed Plaintiff from approximately June 2020 until November 2024.

9. Plaintiff and similarly situated employees performed work on prevailing wage public works projects. Defendant maintained a policy and practice of compensating workers for exactly eight (8) hours per day (i.e., 40 "Regular" hours per week) for prevailing wage

assignments, regardless of the additional hours actually worked to complete assigned duties. Defendant's timekeeping and payroll records routinely reflected 40.00 regular hours in weekly blocks while excluding significant off-the-clock work performed before and after the nominal shift and while traveling, staging equipment, loading/unloading, and completing tasks at the end of the day.

10. This 40-hour cap policy resulted in systemic nonpayment of overtime premiums required by the FLSA and NYLL when weekly hours exceeded forty (40). When extra hours were acknowledged at all, they were often paid as straight-time or split across multiple stubs or rates so that hours over forty were not aggregated and paid at one-and-one-half times the regular (or weighted-average) rate. Defendant also failed to apply the proper weighted-average overtime rate when employees were paid at multiple rates in the same week, contrary to 29 C.F.R. § 778.115.

11. Plaintiff's job title was Truck Driver. His duties included driving from Defendant's yard in Peekskill to various job sites in New York City and Westchester County, performing landscaping and excavation work, disposing of materials, and returning equipment to the yard.

12. Throughout his employment, Plaintiff typically worked five days per week, Monday through Friday.

13. Plaintiff's workday regularly began at approximately 5:00 AM and ended between 4:00 PM and 5:00 PM, constituting a workday of approximately eleven (11) to twelve (12) hours.

14. Plaintiff consistently worked between fifty-five (55) and sixty (60) hours per workweek.

15. Despite Plaintiff's actual hours, Defendant maintained a policy and practice of paying him for only eight (8) hours per day, from 7:00 AM to 3:00 PM, for a total of forty (40) hours per week on prevailing wage jobs and failed to pay the overtime premium for hours over forty.

16. Defendant required employees, including Plaintiff, to record their hours on paper sign-in sheets, but these sheets were intentionally limited to reflect only an eight-hour shift, thereby creating inaccurate records of time worked.

17. For all hours Plaintiff worked in excess of forty (40) in a workweek, Defendant failed to pay him overtime compensation at a rate of one and one-half times his regular rate of pay.

18. The work Plaintiff performed before his official 7:00 AM start time and after his 3:00 PM end time was "off-the-clock" work for which he received no compensation.

19. Defendant was aware that Plaintiff was working these excess hours, as Defendant assigned the work that required such hours to be completed.

20. Defendant's failure to pay overtime wages and spread of hours pay was a willful violation of the FLSA and NYLL.

21. Defendant required the use of time sheets and issued wage statements that reflected only eight-hour days and forty-hour weeks for prevailing wage assignments, failing to capture all hours worked. Wage statements omitted accurate totals of regular and overtime hours and the correct rates of pay, in violation of NYLL § 195(3).

22. Upon information and belief, Defendant entered into one or more contracts subject to New York Labor Law § 220 and related regulations (the "Public Works Contracts"), which required payment of prevailing wages and supplemental benefits for covered work on

public works/prevailing wage projects. The prevailing wage schedules were incorporated into the contracts for the benefit of the workers, including Plaintiff and Class members, who are third-party beneficiaries.

23. Defendant breached these obligations by failing to pay the prevailing rate for all hours spent performing prevailing wage work (including travel between yards and worksites, loading/unloading, staging, and related tasks integral to the prevailing wage assignments), and by capping weekly pay at 40 regular hours notwithstanding longer workweeks.

**FLSA COLLECTIVE ACTION ALLEGATIONS (29 U.S.C. § 216(b))**

24. Plaintiff brings the First Cause of Action as a collective action on behalf of himself and all similarly situated current and former hourly, non-exempt employees of Defendant who worked on prevailing wage projects and were subject to the 40-hour cap policy and/or not paid overtime at one-and-one-half times their regular or weighted-average rate for hours worked over forty in any workweek during the three years preceding the filing of this action (the “FLSA Collective”).

25. Defendant’s unlawful pay practices were common and centrally controlled. Resolution of this action will require common proof of Defendant’s policy of capping regular hours at 40 per week for prevailing wage assignments and failing to pay overtime premiums. Court-authorized notice to the FLSA Collective is appropriate.

**RULE 23 CLASS ACTION ALLEGATIONS (NYLL)**

26. Plaintiff also brings NYLL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of a class defined as: All hourly, non-exempt employees of Defendant in New York who, at any time within six (6) years preceding the filing of this action through the date of judgment, worked on prevailing wage projects and were (a) paid only eight (8) hours per

day/forty (40) hours per week regardless of actual hours worked; and/or (b) denied overtime premiums at one-and-one-half times the regular or weighted-average rate for hours over forty; and/or (c) issued inaccurate wage statements and records (the "NYLL Class").

27. Numerosity is satisfied because the NYLL Class is believed to exceed forty members. Common questions of law and fact predominate, including whether Defendant maintained a policy of paying only 40 regular hours per week on prevailing wage jobs and whether Defendant failed to pay overtime and issue accurate wage statements. Plaintiff's claims are typical, he will fairly and adequately protect the interests of the Class, and a class action is superior to individual actions.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

***(Violation of the Fair Labor Standards Act – Failure to Pay Overtime)***

***(Collective Action Claim)***

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

29. At all relevant times, Defendant was an "employer" and Plaintiff and members of the proposed FLSA Collective were an "employee" within the meaning of the FLSA.

30. Section 207(a)(1) of the FLSA requires employers to pay employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

31. Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff and the FLSA Collective one-and-one-half times their regular (or weighted-average) rate for all hours worked over forty (40) in a workweek. The violations were willful. Plaintiff and the proposed FLSA

Collective seek unpaid overtime, an equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

***(Violation of the New York Labor Law – Failure to Pay Overtime)***

***(Rule 23 Class)***

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

33. The NYLL and its supporting regulations require employers to pay employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. See NYLL § 650 *et seq*.; 12 N.Y.C.R.R. § 142-2.2.

34. Defendant willfully violated the NYLL by failing to pay Plaintiff and the putative class overtime compensation for hours worked in excess of forty (40) per week.

35. As a direct and proximate result of Defendant's willful violation, Plaintiff and the putative class have suffered damages and is entitled to recover the full amount of his unpaid overtime wages, liquidated damages equal to 100% of the underpayment, pre- and post-judgment interest, reasonable attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**

***(Violation of the New York Labor Law – Failure to Provide Accurate Wage Statements)***

***(Rule 23 Class)***

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. NYLL § 195(3) requires employers to furnish each employee with a statement with every payment of wages, listing, among other things, the dates of work covered by the

payment, the rate or rates of pay, and the number of hours worked, including regular and overtime hours.

38. Defendant violated § 195(3) by regularly and repeatedly providing Plaintiff and the putative class with wage statements that intentionally failed to include all hours worked and the correct rates of pay.

39. As a result of Defendant's violation, Plaintiff and the putative class are entitled to recover statutory damages as provided under NYLL § 198.

**FOURTH CAUSE OF ACTION**

***(Violation of the New York Labor Law – Failure to Provide Accurate Wage Statements)***

***(Rule 23 Class)***

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Upon information and belief, Defendant entered into one or more Public Works Contracts to perform work in New York as well in the surrounding region.

42. On information and belief each Public Works Contract referenced or contained schedules of the prevailing rates of wages and supplemental benefits to be paid to the Named Plaintiff and the other members of the putative class.

43. Those prevailing rates of wages and supplemental benefits were made a part of each Public Works Contract for the benefit of the Plaintiff and the other members of the putative class.

44. Defendant breached the Public Works Contracts by failing to ensure that the Plaintiff and the other members of the putative class were paid the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Projects.

45. By reason of its breach of each Public Works Contract, Defendant is liable to the Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court

a. certify the FLSA Collective under 29 U.S.C. § 216(b) and authorize notice;

b. Certify the NYLL Class under Fed. R. Civ. P. 23;

c. Designate Plaintiff as representative of the Collective and Class and appoint his counsel as Class Counsel;

d. Award all unpaid overtime wages due under the FLSA and NYLL;

e. Award Liquidated damages in an amount equal to the unpaid overtime wages pursuant to the FLSA and NYLL;

f. Award Statutory damages for inaccurate wage statements under the NYLL;

g. Award Pre-judgment and post-judgment interest;

h. Award Reasonable attorneys' fees and costs of this action; and

i. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues.

**Dated:** New York, NY
October 20, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

By: ______________________

Mohammed Gangat, Esq.
220 9th Street, Suite 2049,
Jersey City, NJ 07302

(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*